Hanan v. USCIS, No. 24-6193

Legal Addendum

A. HOUSE REPORT NO. 99–906, 99TH Cong., 2ND Sess. 1986, 1986 U.S.C.C.A.N. 5978, 1986 WL 31959, H.R. REP. 99-906 (Sept. 26, 1986)

B. "Immigration Marriage Fraud Amendments of 1986"(IMFA) Pub. L. 99–639 (HR 3737), PL 99–639, 100 Stat 3537 (Nov. 10, 1986)

# EXHIBIT A

H.R. Rep. No. 906, 99TH Cong., 2ND Sess. 1986, 1986 U.S.C.C.A.N. 5978, 1986 WL 31959, H.R. REP. 99-906 (Leg.Hist.)

**\*\*5978**  P.L. 99–639, IMMIGRATION MARRIAGE FRAUD AMENDMENTS OF 1986

DATES OF CONSIDERATION AND PASSAGE

House September 29, 1986

Senate October 18, 1986

House Report (Judiciary Committee) No. 99–906,

Sept. 26, 1986 [To accompany H.R. 3737]

Senate Report (Judiciary Committee) No. 99–491,

Sept. 26, 1986 [To accompany S. 2270]

Cong. Record Vol. 132 (1986)

The House bill was passed in lieu of the Senate bill. The House Report is set out below.

## HOUSE REPORT NO. 99–906

September 26, 1986

**\*1**  The Committee on the Judiciary, to whom was referred the bill (H.R. 3737), to amend the Immigration and Nationality Act to deter immigration-related marriage fraud and other immigration fraud, having considered the same, report favorably thereon with an amendment and recommend that the bill as amended do pass.

\* \* \* \* \*

**\*6**  PURPOSE OF THE BILL

The purpose of the bill is to deter immigration related marriage fraud.

NEED FOR LEGISLATION

Historically, U.S. immigration policy has recognized the importance of protecting nuclear families from separation by permitting immediate family members of U.S. citizens to immigrate to the United States without numerical limitation. Similarly, the law has long set aside a significant number of immigrant visas for immediate relatives of permament resident aliens. Because of this special status accorded such alien relatives, aliens who either cannot otherwise qualify for immigration to the United States or who, though qualified, are not willing to wait until an immigrant visa becomes available, frequently find it expedient to engage in a fraudulent marriage in order to side-step the immigration law.

Surveys conducted by the Immigration and Naturalization Service have revealed that approximately 30% of all petitions for immigrant visas involve suspect martial relationships. And although in theory participating in a fraudulent marriage makes an individual liable to both criminal and administrative sanctions, in practice it is very difficult to revoke or rescind an alien's status, deport him, or even locate him or his spouse.

Third, the bill perpetually bars from immigrating to the United States any alien who has conspired to engage in a fraudulent marriage  **\*\*5979**  **\*7**  or who has attempted to obtain an immigration benefit on the basis of such marriage.

Fourth, it prevents aliens undergoing any administrative or judicial proceeding concerning their right to enter or remain in the United States from obtaining an immediate benefit on the basis of a marriage occurring during that period of time.

Fifth, H.R. 3737 creates a two-year 'conditional' status for certain alien spouses, sons, and daughters who become permament resident aliens by virtue of a marriage entered into less than 2 years before obtaining conditional status. This conditional status may be revoked if the Attorney General determines that the marriage has been judicially terminated.

SECTION-BY-SECTION ANALYSIS

*Section 1*—Short Title: 'Immigration Fraud Amendments Act of 1986.'

*Section 2* Creates a two-year 'conditional' status for all alien spouses, sons, and daughters who become permement resident aliens as immediate relatives or under the second preference by virtue of a marriage entered into less than 2 years before obtaining conditional status. Does not cover 'derivative' marriages (i.e., marriages between aliens, one of whom is awaiting an immigrant visa under 3rd, 4th, 5th, or 6th preference).

Authorizes the Attorney General to revoke conditional status and commence deportation if the determines that the marriage was entered into for pay (or other consideration) or to evade the immigration laws or has been judicially terminated.

Specificaly makes aliens who have had their conditional status revoked deportable, but gives such aliens right to contest such revocation during a deportation hearing.

Also requires conditional aliens and spouses, at the risk of deportation, to file (during 90-day period prior to end of two-year period) a petition requesting removal of conditional status and adjustment to permanent residency. Under penalty of perjury, such petition must include information on place of residence of each party and name and address of each employer during the conditional period. The petition must balso attest that the marriage (1) was legally entered into, (2) has not been terminated (except for death), (3) was not for purpose of evading immigration law, and (4) was not for pay. Requires petitioners to attend interview with INS (within 90 days of filing petition) to discuss these matters. Allows Attorney General to postpone or waive interview requirements and to excuse late filing of petitions if good cause is shown. Allows waiver of all requirements if extreme hardship would result from deportation or if marriage was terminated by the alien spouse for good cause.

Also requires the Attorney General to make a decision within 90 days of the interview as to the truthfulness of the petition.

Also requires Attorney General to attempt to notify conditional aliens, toward end of two-year period, of need to file petition, but does not provide alien with excuse for late filing if notice is not effected and specifies that time spent in conditional status shall be considered equivalent to time spent in permanent resident status for purposes of naturalization requirements.

**\*\*5980    \*8**  Restricts the right of a permanent resident alien who became such by marrying a U.S. citizen or permanent resident alien to petition for a subsequent spouse under the second preference. Specifically, the restriction is that the alien must have been a permanent resident for five years, or prove that the prior marriage was not entered into for purposes of evading the immigration laws.

Also increases criminal penalty for marriage fraud to $250,000 fine and/or five years imprisonment.

*Section 3* Requires a previous personal meeting, within two years, as a precondition to the granting of a fiance visa.

*Section 4* Perpetually bars from immigrating to the U.S. any alien who has conspired to enter a fraudulent marriage or attempted to obtain an immigration benefit on the basis of such marriage.

*Section 5* Prevents aliens undergoing immigration status related proceedings from obtaining an immigrating benefit on the basis of a marriage entered into during the pendency of such proceedings unless the alien remains married for two years and lives outside the U.S. for two years.

Requires the Attorney General to issue a report on the effectiveness of anti marriage-fraud provisions already in the law.

*Section 6* Clarifies that marriage fraud constitutes a ground for exclusion from the U.S.

ADMINISTRATION POSITION

The Administration supports the enactment of this legislation. The formal report of the Department of Justice is set forth below.

U.S. DEPARTMENT OF JUSTICE,
OFFICE OF LEGISLATIVE AND INTERGOVERNMENTAL AFFAIRS,
*Washington, DC, July 31, 1986.*

Hon. PETER W. RODINO, Jr.,
*Chairman, Committee on the Judiciary, U.S. Senate, Washington, DC.*

DEAR MR. CHAIRMAN: This responds to your request for the views of the Department of Justice on the McCollum Amendment in the nature of a substitute to H.R. 3737, a bill to amend the immigration and Nationality Act, to deter immigration-related marriage fraud and other immigration fraud. For the reasons set forth below, the Department supports enactment of this legislation with suggested revisions.

The bill addresses a significant problem in the administration of the immigration laws, marriage and related frauds, carried out to circumvent the requirements of the immigrant visa provisions. The bill would revise the immigration laws to establish a conditional immigration status for an alien spouse, revise the provisions relating to nonimmigrant fiances, restrict future immigration privileges if the alien has previously been involved in fraud, and create a criminal penalty for marriage fraud.

*Section 2*

The major portion of the bill establishes a conditional immigration status for an alien spouse and children of that spouse. This conditional status would also apply to aliens who marry following **\*\*5981  \*9** entry on a nonimmigrant fiance visa. The conditional status would apply to any alien who derives an immigration benefit through marriage, and would continue up until the second anniversary of the alien's obtaining the status of lawful admission for permanent residence.

The burden of proving a *bona fide* marriage would on the alien spouse and the petitioning U.S. citizen or permanent resident spouse. They would have to prove four elements during the ninety day period preceding the second anniversary of the alien's obtaining the status of lawful admission for permanent residence. First, they would have to show that the marriage was entered into in accordance with the laws of the place where the marriage took place. Secondly, they would have to show that the marriage has not been judicially annulled or terminated. Third, and fourth, the spouses would have to show that 'no fee or other consideration' was given for filing a visa petition, and that the parties to the marriage have maintained a *bona fide* marital relationship. This latter element could be established by evidence of cohabitation, joint property, tax returns and other indices of marriage.

If the spouses establish these elements, then the conditional status is lifted as of the second anniversary of the alien's obtaining the status of lawful permanent residence. If the spouses fail to establish these elements, then the conditional status is terminated as of the second anniversary. The spouses and sons or daughters will then be deported from the United States.

The Attorney General has until ninety days after the second anniversary of the alien's obtaining the status of lawful admission for permanent residence to make a determination on petitions which were filed in a timely manner. Spouses who fail to meet the filing deadline can submit the petition at any time accompanied by a one hundred dollar late fee.

During the conditional status period, the alien spouse may file a visa petition on behalf of his or her unmarried sons or daughters under Section 204(a) of the Immigration and Nationality Act, 8 U.S.C. 1154. However, the alien may not file a visa

petition for another spouse until five years after he or she was first admitted, unless the alien can prove to the Attorney General that the prior marriage was not contracted for the purpose of evading any provisions of the immigration laws.

The conditional status period will count toward the period of lawful permanent residence required under the naturalization provisions in Title III of the Act. This means that the period following admission as an immigrant or to conditional status will count as normal permanent residence.

*Comments*

Present protections against marriage fraud are totally inadequate. Once permanent status has been granted, it is almost impossible to revoke, rescind, deport, or even locate the alien or the original spouse. By postponing the privilege of permanent resident status until two years after the alien's obtaining the status of lawful admission for permanent residence, the bill provides a balanced approach. On the one hand, it strikes at the fraudulent marriage by the simple passage of time: it is difficult to sustain the appearance **\*\*5982 \*10** of a *bona fide* marriage over a long period. On the other hand, it still allows an alien spouse and son or daughter to come to the United States, and therefore provides for family unification.

The bill also does away with the distinction between fiances and other aliens whose benefits are based on marriage. Commonly, a fiance who does marry the petitioning spouse will immediately terminate the marriage, remarry, and file a preference petition for another alien. This significant loophole must be closed, and the bill would do that.

The Department is of the view that these necessary changes may be strengthened by the deletion or revision of certain other provisions in the bill. First, it is important to recognize that the bill would appear to allow persons who enter into a fraudulent marriage, but remain married to claim that they are still partners in a *bona fide* marriage for purposes of removing the conditional status. This is the case, because under existing interpretations of 'marriage' for purposes of visa petition filing and adjustment of status to permanent resident, the judicial interpretation and the interpretation applied by the Board of Immigration Appeals is that no examination of the 'viability' of a marriage may occur. Under the Board's holding in *Matter of Boromand*, 17 I & N Dec. 450 (BIA 1980), estrangement, or even separation in anticipation of divorce, are not sufficient grounds to deny a visa petition or adjustment of status. This holding has recently been applied by the Sixth Circuit Court of Appeals in a criminal case to bar prosecution for perjury and false statements where the U.S. citizen spouse was asked to stop divorce proceedings, asked to provide false statements to INS officials and promised $2,500 for her cooperation. The court found that if 'viability' of the marriage was not material to the visa petition approval, then a crucial element of fraud was absent. *United States* v. *Qaisi*, No. 85–5274 (6th Cir., 1985)

To avoid the possibility that the same type of interpretation might be applied to the provisions of this bill, it is necessary to state explicitly that there must be an actual family unit at the time of application for permanent residence and that separation of the spouses will result in the denial of the permanent resident status. Separation would include actually living apart or having initiated any action to dissolve or annul the marriage.

We believe that several provisions should be clarified. In Section 216(a) of the bill, the alien son or daughter of an alien granted conditional residence is also accorded that conditional status. Subsection (e)(2) defines 'son or daughter' as an alien who obtains a status, conditional or permanent, by virtue of 'being the son or daughter of an individual through a marriage described in paragraph (1).' This language is not entirely clear; it could be interpreted as establishing a new category of derivative beneficiaries independent of any other immigrant provision.

The Department recommends that those portions of Section 216 which provide for the filing of late petitions [216(b)(2), 216(b)(3), and 216(b)(5)] be revised. 216(b)(2) calls for a conditional status to be removed which has already been terminated under 216(b)(5). Also, the stay of deportation required under 216(b)(3)(B) is an unreasonable limit on the Attorney General's authority, particularly since the deportation proceeding may have been instituted on a ground **\*\*5983 \*11** that may not be waived, such as a conviction for trafficking in narcotics.

   The Department further suggests that the new Subsection (d), of Section 245 of the Act relating to limitations on adjustment of status, and Section 2(d) of the bill be reconciled. The new Subsection 245(d) would prohibit adjustment of status under Section 245 by conditional status aliens. Section 3(b) of the bill apparently would amend the new Subsection 245(d) within the bill, to also apply it to aliens coming as nonimmigrant finances under Section 101(a)(15)(K) of the Act. Rather than amend a provision within the bill itself, it would probably be better simply to provide a separate section of the bill dealing with Section 245 of the Act, incorporating both of the new provisions.

*Section 3*

   Section 3 of the bill tightens the requirements for eligibility for a nonimmigrant finance visa under Section 214(d) of the Act. This revision of Section 214(d) would require a finance to have met the petitioning spouse and to have a *bona fide* intention to marry. The new requirement that the two parties have met is a reasonable limitation on what is presently an open-ended provision. This section also provides that the Attorney General may waive the requirement that the parties have previously met. The purpose of this discretionary waiver is not clear. Discretionary determinations in general tend to significantly increase the amount of time expended in considering applications. It would be better to simply require a meeting for all petitioners. This section would also require that an alien who has received a (K) visa and who has concluded a marriage, must adjust their status through normal procedures. Presently, such an alien may adjust automatically.

*Section 4*

   This section amends Section 204(c) of the Act to insure that aliens who unsuccessfully sought immigration benefits through marriage fraud, may never receive immediate relative or preference status.

*Section 5*

   This section provides that aliens who marry while an administrative or judicial proceeding is pending regarding the alien's right to enter or remain in the United States, may not use that marriage as a basis for adjustment of status or to gain immediate relative or preference status. Immediate relative or preference status may be sought after the alien has resided outside the United States for a 2 year period beginning after the date of the marriage.

   This section also requires the Attorney General to study and report to Congress on the application of the 2 year marriage fraud presumption under Section 241(c) of the Act.

   Given the provisions of this bill which are designed to insure that immigration benefits are not obtained through marriage fraud, the Department does not believe that a statutorily mandated study of the application of Section 241(c) is necessary.

   **\*\*5984   \*12**  *Section 6*

   Section 6 of the bill revises the present Section 212(a)(19) of the Act relating to exclusion for fraud or willful misrepresentation of a material fact. Presently, an alien is inadmissible if he has attempted to procure or has procured a visa, or other documentation or seeks to enter by fraud or willful misrepresentation of a material fact. The intent of this section is to provide that the alien would also be precluded from seeking any other benefit provided under the Act.

   The Department supports enactment of this bill with the suggested changes. These new provisions should go a long way toward combatting the use of marriage fraud in obtaining immigrant status in the United States.

The Office of Management and Budget has advised this Department that there is no objection to the submission of this report from the standpoint of the Administration's program.

Sincerely,

JOHN R. BOLTON, *Assistant Attorney General*.

## OVERSIGHT STATEMENT

Clause 2(l)(3)(A) of rule XI of the Rules of the House of Representatives is inapplicable since no oversight findings and recommendations have been received from the Committee on Government Operations.

## INFLATIONARY IMPACT STATEMENT

Pursuant to Clause 2(l)(4) of rule XI of the Rules of the House of Representatives, the Committee estimates that this bill will not have a significant inflationary effect on prices and costs in the operation of the national economy.

## ESTIMATE OF COST

Pursuant to Clause 7 of rule XIII of the Rules of the House of Representatives, the Committee states that it generally concurs with the cost estimate submitted by the Congressional Budget Office as set forth below.

## BUDGETARY INFORMATION

Clause 2(l)(3)(B) of rule XI of the Rules of the House of Representatives is inapplicable because the instant legislation does not provide new budget authority. Pursuant to Clause 2(l)(3)(C) of rule XI of the Rules of the House of Representatives, the following estimate was prepared by the Congressional Budget Office and submitted to the Committee:

**\*\*5985  \*13**  U.S. CONGRESS,
CONGRESSIONAL BUDGET OFFICE,
*Washington, DC, September 26, 1986.*

Hon. PETER W. RODINO, Jr.,
*Chairman, Committee on the Judiciary, House of Representatives, Rayburn House Office Building, Washington, DC.*

DEAR MR. CHAIRMAN: The Congressional Budget Office has reviewed H.R. 3737, the Immigration Marriage Fraud Amendments of 1986, as ordered reported by the House Committee on the Judiciary, September 25, 1986. We estimate that enactment of this bill would result in no net costs to the federal government and in no costs to state or local governments.

H.R. 3737 would amend the Immigration and Nationality Act to create a systematic procedure for the Immigration and Naturalization Service (INS) to review all cases involving the immigration of alien spouses. The main effect of the bill would be establishment of conditional status for alien spouses and any sons and daughters accompanying them. Instead of being admitted as permanent resident aliens, the spouses and children would have conditional status for their first two years after entering the United States. This conditional status would not affect their right to benefits in any way. The INS would have the power to to deport the aliens at any time in this period if it determines that the marriage is fraudulent. At the end of this two-year period, the couple would file a petition with the INS, which would then review the marriage to determine if it is legitimate. H.R. 3737 would require the INS to notify the applicants near the end of the 2-year conditional status period and advise them of the information required in the petition.

H.R. 3737 would also increase the penalties for U.S. citizens committing marriage fraud and require that the bride and groom have met before getting married. Current law does not require a U.S. citizen or resident alien to have met his or her alien spouse before marriage.

Based on information provided by the INS, CBO estimates that enactment of this legislation would result in no increased cost to the federal government. The INS expects that the establishment of conditional status would simplify its procedures, since it would shift the burden of proof from the Service to the immigrants; the INS also expects this would have a sizeable deterrent effect, possibly reducing the number of aliens admitted for marriage-related reasons by as much as 15 percent. While notifying the applicants and processing the petitions at the end of the two-year period would result in increased paperwork, there would be a corresponding reduction in interviews and investigations because of the deterrent effect and the increased availability of information.

If you wish further details on this estimate, we will be pleased to provide them.

With best wishes,

Sincerely,

                            ROSEMARY MARCUSS
                            (For Rudolph G. Penner, Director).

**\*\*5986  \*14  COMMITTEE RECOMMENDATION**

After careful consideration of this legislation, the Committee is of the opinion that this bill should be enacted and accordingly recommends that H.R. 3737, as amended, do pass.

H.R. Rep. No. 906, 99TH Cong., 2ND Sess. 1986, 1986 U.S.C.C.A.N. 5978, 1986 WL 31959, H.R. REP. 99-906 (Leg.Hist.)

**End of Document**   © 2024 Thomson Reuters. No claim to original U.S. Government Works.

# EXHIBIT B

PL 99–639, November 10, 1986, 100 Stat 3537

UNITED STATES PUBLIC LAWS

99th Congress - Second Session

Convening January 21, 1986

DATA SUPPLIED BY THE U.S. DEPARTMENT OF JUSTICE. (SEE SCOPE)

Additions and Deletions are not identified in this document.

PL 99–639 (HR 3737)

November 10, 1986

An Act to amend the Immigration and Nationality Act to deter immigration–related marriage fraud and other immigration fraud.

Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,

SECTION 1. "8 USC 1101 note" SHORT TITLE.

This Act may be cited as the "Immigration Marriage Fraud Amendments of 1986".

SEC. 2. DETERRING IMMIGRATION–RELATED MARRIAGE FRAUD.

(a) CONDITIONAL BASIS FOR PERMANENT RESIDENT STATUS BASED ON RECENT MARRIAGE. — Chapter 2 of title II of the Immigration and Nationality Act is amended by adding at the end the following new section:

"CONDITIONAL PERMANENT RESIDENT STATUS FOR
CERTAIN ALIEN SPOUSES AND SONS AND DAUGHTERS

"SEC. 216. "8 USC 1186a" (a) IN GENERAL. —
"(1) CONDITIONAL BASIS FOR STATUS. — Notwithstanding any other provision of this Act, an alien spouse (as defined in subsection (g)(1)) and an alien son or daughter (as defined in subsection (g)(2)) shall be considered, at the time of obtaining the status of an alien lawfully admitted for permanent residence, to have obtained such status on a conditional basis subject to the provisions of this section.
"(2) NOTICE OF REQUIREMENTS. —
  "(A) AT TIME OF OBTAINING PERMANENT RESIDENCE. — At the time an alien spouse or alien son or daughter obtains permanent resident status on a conditional basis under paragraph (1), the Attorney General shall provide for notice to such a spouse, son, or daughter respecting the provisions of this section and the requirements of subsection (c)(1) to have the conditional basis of such status removed.
  "(B) AT TIME OF REQUIRED PETITION. — In addition, the Attorney General shall attempt to provide notice to such a spouse, son, or daughter, at or about the beginning of the 90–day period described in subsection (d)(2)(A), of the requirements of subsections (c)(1).
  "(C) EFFECT OF FAILURE TO PROVIDE NOTICE. — The failure of the Attorney General to provide a notice under this paragraph shall not affect the enforcement of the provisions of this section with respect to such a spouse, son, or daughter.
"(b) TERMINATION OF STATUS IF FINDING THAT QUALIFYING MARRIAGE IMPROPER. —
"(1) IN GENERAL. — In the case of an alien with permanent resident status on a conditional basis under subsection (a), if the Attorney General determines, before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence, that —

"(A) the qualifying marriage —

"(i) was entered into for the purpose of procuring an alien's entry as an immigrant, or

"(ii) has been judicially annulled or terminated, other than through the death of a spouse; or

"(B) a fee or other consideration was given (other than a fee or other consideration to an attorney for assistance in preparation of a lawful petition) for the filing of a petition under section 204(a) or 214(d) "8 USC 1154" with respect to the alien; the Attorney General shall so notify the parties involved and, subject to paragraph (2), shall terminate the permanent resident status of the alien (or aliens) involved as of the date of the determination.

"(2) HEARING IN DEPORTATION PROCEEDING. — Any alien whose permanent resident status is terminated under paragraph (1) may request a review of such determination in a proceeding to deport the alien. In such proceeding, the burden of proof shall be on the Attorney General to establish, by a preponderance of the evidence, that a condition described in paragraph (1) is met.

"(c) REQUIREMENTS OF TIMELY PETITION AND INTERVIEW FOR REMOVAL OF CONDITION. —

"(1) IN GENERAL. — In order for the conditional basis established under subsection (a) for an alien spouse or an alien son or daughter to be removed —

"(A) the alien spouse and the petitioning spouse (if not deceased) jointly must submit to the Attorney General, during the period described in subsection (d)(2), a petition which requests the removal of such conditional basis and which states, under penalty of perjury, the facts and information described in subsection (d)(1), and

"(B) in accordance with subsection (d)(3), the alien spouse and the petitioning spouse (if not deceased) must appear for a personal interview before an officer or employee of the Service respecting the facts and information described in subsection (d)( 1).

"(2) TERMINATION OF PERMANENT RESIDENT STATUS FOR FAILURE TO FILE PETITION OR HAVE PERSONAL INTERVIEW. —

"(A) IN GENERAL. — In the case of an alien with permanent resident status on a conditional basis under subsection (a), if —

"(i) no petition is filed with respect to the alien in accordance with the provisions of paragraph (1)(A), or

"(ii) unless there is good cause shown, the alien spouse and petitioning spouse fail to appear at the interview described in paragraph (1)(B), the Attorney General shall terminate the permanent resident status of the alien as of the second anniversary of the alien's lawful admission for permanent residence.

"(B) HEARING IN DEPORTATION PROCEEDING. — In any deportation proceeding with respect to an alien whose permanent resident status is terminated under subparagraph (A), the burden of proof shall be on the alien to establish compliance with the conditions of paragraphs (1)(A) and (1)(B).

"(3) DETERMINATION AFTER PETITION AND INTERVIEW. —

"(A) IN GENERAL. — If —

"(i) a petition is filed in accordance with the provisions of paragraph (1)(A), and

"(ii) the alien spouse and petitioning spouse appear at the interview described in paragraph (1)(B), the Attorney General shall make a determination, within 90 days of the date of the interview, as to whether the facts and information described in subsection (d)(1) and alleged in the petition are true with respect to the qualifying marriage.

"(B) REMOVAL OF CONDITIONING BASIS IF FAVORABLE DETERMINATION. — If the Attorney General determines that such facts and information are true, the Attorney General shall so notify the parties involved and shall remove the conditional basis of the parties effective as of the second anniversary of the alien's obtaining the status of lawful admission for permanent residence.

"(C) TERMINATION IF ADVERSE DETERMINATION. — If the Attorney General determines that such facts and information are not true, the Attorney General shall so notify the parties involved and, subject to subparagraph (D), shall terminate the permanent resident status of an alien spouse or an alien son or daughter as of the date of the determination.

"(D) HEARING IN DEPORTATION PROCEEDING. — Any alien whose permanent resident status is terminated under subparagraph (C) may request a review of such determination in a proceeding to deport the alien. In such proceeding, the burden of proof shall be on the Attorney General to establish, by a preponderance of the evidence, that the facts and information described in subsection (d)(1) and alleged in the petition are not true with respect to the qualifying marriage.

"(4) HARDSHIP WAIVER. — The Attorney General, in the Attorney General's discretion, may remove the conditional basis of the permanent resident status for an alien who fails to meet the requirements of paragraph (1) if the alien demonstrates that —

"(A) extreme hardship would result if such alien is deported, or

"(B) the qualifying marriage was entered into in good faith by the alien spouse, but the qualifying marriage has been terminated (other than through the death of the spouse) by the alien spouse for good cause and the alien was not at fault in failing to meet the requirements of paragraph (1). In determining extreme hardship, the Attorney General shall consider circumstances occurring only during the period that the alien was admitted for permanent residence on a conditional basis.

"(d) DETAILS OF PETITION AND INTERVIEW. —

"(1) CONTENTS OF PETITION. — Each petition under subsection (c)(1)(A) shall contain the following facts and information:

"(A) STATEMENT OF PROPER MARRIAGE AND PETITIONING PROCESS. — The facts are that —

"(i) the qualifying marriage —

"(I) was entered into in accordance with the laws of the place where the marriage took place,

"(II) has not been judicially annulled or terminated, other than through the death of a spouse, and

"(III) was not entered into for the purpose of procuring an alien's entry as an immigrant; and

"(ii) no fee or other consideration was given (other than a fee or other consideration to an attorney for assistance in preparation of a lawful petition) for the filing of a petition under section 204(a) or 214(d) "8 USC 1154" with respect to the alien spouse or alien son or daughter.

"(B) STATEMENT OF ADDITIONAL INFORMATION. — The information is a statement of —

"(i) the actual residence of each party to the qualifying marriage since the date the alien spouse obtained permanent resident status on a conditional basis under subsection (a), and

"(ii) the place of employment (if any) of each such party since such date, and the name of the employer of such party.

"(2) PERIOD FOR FILING PETITION. —

"(A) 90–DAY PERIOD BEFORE SECOND ANNIVERSARY. — Except as provided in subparagraph (B), the petition under subsection (c)( 1)(A) must be filed during the 90–day period before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence.

"(B) DATE PETITIONS FOR GOOD CAUSE. — Such a petition may be considered if filed after such date, but only if the alien establishes to the satisfaction of the Attorney General good cause and extenuating circumstances for failure to file the petition during the period described in subparagraph (A).

"(C) FILING OF PETITIONS DURING DEPORTATION. — In the case of an alien who is the subject of deportation hearings as a result of failure to file a petition on a timely basis in accordance with subparagraph (A), the Attorney General may stay such deportation proceedings against an alien pending the filing of the petition under subparagraph (B).

"(3) PERSONAL INTERVIEW. — The interview under subsection (c)(1)(B) shall be conducted within 90 days after the date of submitting a petition under subsection (c)(1)(A) and at a local office of the Service, designated by the Attorney General, which is convenient to the parties involved. The Attorney General, in the Attorney General's discretion, may waive the deadline for such an interview or the requirement for such an interview in such cases as may be appropriate.

"(e) TREATMENT OF PERIOD FOR PURPOSES OF NATURALIZATION. — For purposes of title III, "8 USC 1401" in the case of an alien who is in the United States as a lawful permanent resident on a conditional basis under this section, the alien shall be considered to have been admitted as an alien lawfully admitted for permanent residence and to be in the United States as an alien lawfully admitted to the United States for permanent residence.

"(f) TREATMENT OF CERTAIN WAIVERS. — In the case of an alien who has permanent residence status on a conditional basis under this section, if, in order to obtain such status, the alien obtained a waiver under subsection (h) or (i) of section 212 of certain grounds of exclusion, such waiver terminates upon the termination of such permanent residence status under this section.

"(g) DEFINITIONS. — In this section:

"(1) The term 'alien spouse' means an alien who obtains the status of an alien lawfully admitted for permanent residence (whether on a conditional basis or otherwise) —

"(A) as an immediate relative (described in section 201(b)) "8 USC 1151" as the spouse of a citizen of the United States,

"(B) under section 214(d) as the fiancee or fiance of an alien citizen of the United States, or

"(C) under section 203(a)(2) "8 USC 1153" as the spouse of an alien lawfully admitted for permanent residence, by virtue of a marriage which was entered into less than 24 months before the date the alien obtains such status by virtue of such marriage, but does not include such an alien who only obtains such status as a result of section 203(a)(8).

"(2) The term 'alien son or daughter' means an alien who obtains the status of an alien lawfully admitted for permenent residence (whether on a conditional basis or otherwise) by virtue of being the son or daughter of an individual through a qualifying marriage.

"(3) The term 'qualifying marriage' means the marriage described to in paragraph (1).

"(4) The term 'petitioning spouse' means the spouse of a qualifying marriage, other than the alien.".

(b) ADDITIONAL GROUND FOR DEPORTATION. — Section 241 (8 U.S.C. 1251) is amended —

(1) in subsection (a)(9) —

 (A) by inserting "(A)" after "(9)", and

 (B) by inserting before the semicolon the following: ", (B) or is an alien with permanent resident status on a conditional basis under section 216 and has such status terminated under such section"; and

(2) by adding at the end the following new subsection:

"(g) The provisions of subsection (a)(9)(B) shall not apply in the cases described in section 216(c)(4).".

(c) CLASSIFICATION PETITIONS. — Section 204(a) of such Act (8 U. S. C. 1154(a)) is amended —

(1) by inserting "(1)" after "(a)", and

(2) by adding at the end the following new paragraph:

"(2)(A) The Attorney General may not approve a spousal second preference petition filed by an alien who, by virtue of a prior marriage, has been accorded the status of an alien lawfully admitted for permanent residence as the spouse of a citizen of the United States or as the spouse of an alien lawfully admitted for permanent residence, unless —

 "(i) a period of 5 years has elapsed after the date the alien acquired the status of an alien lawfully admitted for permanent residence, or

 "(ii) the alien establishes to the satisfaction of the Attorney General by clear and convincing evidence that the prior marriage (on the basis of which the alien obtained the status of an alien lawfully admitted for permanent residence) was not entered into for the purpose of evading any provision of the immigration laws.

In this subparagraph, the term 'spousal second preference petition' refers to a petition, seeking preference status under section 203(a)( 2), "8 USC 1153" for an alien as a spouse of an alien lawfully admitted for permanent residence.

"(B) Subparagraph (A) shall not apply to a petition filed by an alien whose prior marriage was terminated by the death of his or her spouse.".

(d) CRIMINAL PENALTY FOR MARRIAGE FRAUD. — Section 275 of such Act (8 U.S.C. 1325) is amended —

(1) by inserting "(a)" after "275.", and

(2) by adding at the end the following new subsection:

"(b) Any individual who knowingly enters into a marriage for the purpose of evading any provision of the immigration laws shall be imprisoned for not more than 5 years, or fined not more than $250,000, or both.".

(e) LIMITATION ON ADJUSTMENT OF STATUS. — Section 245 of such Act (8 U.S.C. 1255) is amended by adding at the end the following new subsection:

"(d) The Attorney General may not adjust, under subsection (a), the status of an alien lawfully admitted to the United States for permanent residence on a conditional basis under section 216.".

(f) CONFORMING AMENDMENT. — The table of contents of such Act is amended by inserting after the item relating to section 215 the following new item:

"Sec. 216. Conditional permanent resident status for certain alien spouses and sons and daughters.".

SEC. 3. PREVENTING MARRIAGE FRAUD WITH RESPECT TO "K" NONIMMIGRANTS.

 (a) REQUIRING PREVIOUS MEETING TO OBTAIN "K" NONIMMIGRANT VISA. — The third sentence of section 214(d) of the Immigration and Nationality Act (8 U.S.C. 1184(d)) is amended —

(1) by striking "have a bona fide intention to marry" and inserting "have previously met in person within 2 years before the date of filing the petition, have a bona fide intention to marry,", and

(2) by inserting before the period at the end the following: ", except that the Attorney General in his discretion may waive the requirement that the parties have previously met in person".

(b) RESTRICTING SEPARATE ADJUSTMENT TO PERMANENT RESIDENT STATUS OF "K" NONIMMIGRANTS. — Section 245(d) of such Act (8 U.S.C. 1255(d)), as added by section 2(d) of this Act, is amended by inserting before the period at the end the following: "or of a nonimmigrant described in section 101(a)(15)(K)". "8 USC 1101"

(c) REQUIRING FILING OF ADJUSTMENT OF STATUS PETITION. — Section 214(d) of such Act (8 U.S.C. 1184(d)) is amended by striking the last sentence.

(d) EFFECTIVE DATES. — (1) The amendments made by subsection (a) "8 USC 1184 note" shall apply to petitions approved on or after the date of the enactment of this Act.

(2) The amendment made by subsection (b) "8 USC 1255 note" shall apply to adjustments occurring on or after the date of the enactment of this Act.

(3) The amendment made by subsection (c) "8 USC 1184 note" shall apply to aliens issued visas under section 101(a)(15)(K) of the Immigration and Nationality Act "8 USC 1101" on or after the date of the enactment of this Act.

SEC. 4. RESTRICTIONS ON FUTURE ENTRY OF ALIENS INVOLVED WITH MARRIAGE FRAUD.

(a) IN GENERAL. — Section 204(c) of the Immigration and Nationality Act (8 U.S.C. 1154(c)) is amended —
(1) by inserting "(1)" after "if",
(2) by inserting ", or has sought to be accorded," after "previously been accorded", and
(3) by inserting before the period at the end the following: ", or (2) the Attorney General has determined that the alien has attempted or conspired to enter into a marriage for the purpose of evading the immigration laws".
(b) EFFECTIVE DATE. — The amendment made by subsection (a) "8 USC 1154 note" shall apply to petitions filed on or after the date of the enactment of this Act.

SEC. 5. RESTRICTIONS ON ADJUSTMENT OF STATUS OR PETITIONS BASED ON MARRIAGES ENTERED WHILE IN EXCLUSION OR DEPORTATION PROCEEDINGS.

(a) RESTRICTION ON ADJUSTMENT. — Section 245 of the Immigration and Nationality Act (8 U.S.C. 1255), as amended by sections 2(d) and 3( b), is further amended —
(1) in subsection (c), by striking "The provisions of this section" and inserting "Subsection (a)", and
(2) by adding at the end the following new subsection:
"(e)(1) An alien who is seeking to receive an immigrant visa on the basis of a marriage which was entered into during the period described in paragraph (2) may not have the alien's status adjusted under subsection (a).
"(2) The period described in this paragraph is the period during which administrative or judicial proceedings are pending regarding the alien's right to enter or remain in the United States.".
(b) RESTRICTION ON PETITIONS. — Section 204 of such Act (8 U.S.C. 1154) is amended by adding at the end the following new subsection:
"(h) Notwithstanding subsection (a), a petition may not be approved to grant an alien immediate relative status or preference status by reason of a marriage which was entered into during the period described in section 245(e)(2), until the alien has resided outside the United States for a 2–year period beginning after the date of the marriage.".
(c) EFFECTIVE DATE. — The amendments made by this section "8 USC 1154 note" shall apply to marriages entered into on or after the date of the enactment of this Act.
(d) REPORT ON SECTION 241(c) SANCTIONS. — The Attorney General shall study and report to the Congress, not later than 6 months after the date of the enactment of this Act, concerning the application of the 2–year marriage fraud presumption under section 241(c) of the Immigration and Nationality Act (8 U.S.C. 1251(c)). Such report shall include —
(1) the number of cases of deportations effected under such section, and
(2) recommendations for changes in such section.

SEC. 6. EXCLUSION FOR MISREPRESENTATIONS.

(a) IN GENERAL. — Paragraph (19) of section 212(a) "8 USC 1182" of the Immigration and Nationality Act (8 U.S.C. 1152(a)) is amended to read as follows:

"(19) Any alien who, by fraud or willfully misrepresenting a material fact, seeks to procure, or has sought to procure or has procured, a visa, other documentation, or entry into the United States or other benefit provided under this Act;".

(b) EFFECTIVE DATE. — The amendment made by subsection (a) "8 USC 1182 note" shall apply to the receipt of visas by, and the admission of, aliens occurring after the date of the enactment of this Act based on fraud or misrepresentations occurring before, on, or after such date.

Approved November 10, 1986.

LEGISLATIVE HISTORY — H.R. 3737:

HOUSE REPORTS: No. 99–906 (Comm. on the Judiciary).

CONGRESSIONAL RECORD, Vol. 132 (1986): Sept. 29, considered and passed House. Oct. 18, considered and passed Senate.

PL 99–639, 1986 HR 3737

End of Document                                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.